MICHAEL YOUNG,

        Plaintiff,

        v.                             Case No. 25-C-999

CITY OF FOND DU LAC,
OFFICER JANE DOE, and
AARON T. GOLDSTEIN,

        Defendants.

## DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Michael Young, who is currently representing himself, brought this 42 U.S.C. § 1983 action against Defendants the City of Fond du Lac, Jane Doe police officer, and Police Chief Aaron T. Goldstein, alleging that Defendants banned him from the public library without a valid reason and damaged the door to his residence. This matter comes before the court on Defendants' motion for summary judgment. For the following reasons, the motion for summary judgment will be granted and the case will be dismissed.

### PRELIMINARY MATTERS

Pursuant to the local rules, along with a motion for summary judgment, the moving party is required to file either a statement of material facts to which the parties have stipulated or a statement of proposed material facts as to which the moving party contends there is no material issue and that entitle it to judgment as a matter of law. Civil L.R. 56(b)(1). On April 15, 2026, Defendants submitted proposed findings of fact along with their motion for summary judgment in compliance with the local rules. *See* Dkt. No. 47. The rules require a party opposing a motion for

summary judgment to file a response to the moving party's proposed facts to make clear to the court which, if any, of the proposed facts are in dispute. Civil L.R. 56(b)(2)(B). Any uncontroverted fact is deemed admitted for the purpose of deciding summary judgment. Civil L.R. 56(b)(4).

Defendants, as required by the local rules, reproduced Federal Rule of Civil Procedure 56, Civil Local Rule 7, and Civil Local Rule 56 in their motion for summary judgment. *See* Dkt. No. 39. Moreover, the day after Defendants moved for summary judgment, the court entered a notice and order informing Young that he was required to "respond to each of the proposed findings of fact by agreeing with each proposed fact or explaining why he disagrees with a particular proposed fact." Dkt. No. 49. The court warned that if Young "does not respond to a proposed fact, the Court will assume that Plaintiff does not dispute the proposed fact and will accept the proposed fact as true." *Id.*

On April 27, 2026, Young filed a document that he captioned "The Michael Young Reply Brief in the Federal Court in Green Bay Wisconsin Case Number 25 CV 999." Dkt. No. 51. He did not respond to Defendants' proposed findings of fact. Defendants filed a reply brief in support of their motion for summary judgment on May 11, 2026. Dkt. No. 52. Defendants assert that, in contravention of the local rules and the court's notice and order, Young did not properly respond to Defendants' proposed findings of fact.

Defendants included the relevant rules in their motion and the court also highlighted key requirements while explicitly warning Young of the consequence of his failure to strictly comply with the local rules. Because Young did not respond to Defendants' proposed findings of fact, as Young was warned, Defendants' proposed facts are deemed admitted for the purpose of deciding Defendants' motion for summary judgment. *See Phoneprasith v. Greff*, No. 21-3069, 2022 WL

2

1819043 (7th Cir. June 3, 2022) (holding that a district court is entitled to deem unopposed facts admitted under Civil L.R. 56(b)(4) regardless of a non-movant's detailed opposition brief, affidavit, and exhibits); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (same). With these considerations in mind, the court turns to the substance of Defendants' motion for summary judgment.

## BACKGROUND

At all times relevant, Young was a patron of the Fond du Lac Public Library. The Use of Internet Computers section of the Fond du Lac Public Library's Internet Access Policy, provides that "[u]nacceptable use of the Internet includes, but is not limited to . . . [u]sing the Internet to send, receive, or display text/graphics that may reasonably be construed by Library staff as offensive to the public or harmful to minors as defined by Federal and State statute." Dkt. No. 47, ¶ 44. The Internet Access Policy's "Response to Misuse" section states:

> While respecting individual users' right to privacy, Library staff reserve the right to monitor use of Internet workstations to ensure compliance with this policy. When Library employees believe that the user has failed to comply with this policy, they are authorized to terminate any user's session. Failure to comply with the Internet Acceptable Use Policy will result in one warning followed by permanent suspension of Internet use. When deemed appropriate by the Library Director, reports of unacceptable use shall be forwarded to the Police Department or other appropriate law enforcement agency.

*Id.* ¶ 45. The Fond du Lac Public Library also has an Appropriate Behavior and Expectations Policy. The "Disturbances in the Library" section provides:

> Library users who cause a disturbance or who engage in violent or abusive behavior will be asked to stop immediately. Any library users who persist in such behavior after being warned shall be required to leave the library. Staff will call police to escort anyone from the library who refuses to leave when asked or whose behavior or actions might jeopardize the safety of others.
>
>     a. Customers who display a pattern of disruptive behavior will be subject to a no-trespass order from local law enforcement.

3

b. No-trespass orders may be requested for individual incidents of violence, threats of violence or vandalism.

c. The duration of the no-trespass order is at the discretion of the director or supervisory staff, and will depend on the severity of the incident(s).

*Id.* ¶ 47.

The library documented several incidents involving Young's behavior in the library or directed at library staff. On February 5, 2024, a library employee worked with Young to save a document he had sent by email onto a flash drive. One of the attachments Young clicked on while trying to find his document opened and revealed a photograph of a nude woman. On February 22, 2024, another library employee, who assisted Young copy and paste text from an email into a Word document for printing, saw a chat come into Young's account. The message appeared to be soliciting in nature. While the library employee did not see Young physically open or respond to the message while he was on the library computer, the employee saw a number of adult-oriented subject lines in Young's inbox that day. On February 29, 2024, while walking past Young on the computer, a library employee noticed Young opening photos that were sexually explicit in nature from his email. A library employee reported the following incident that occurred on March 13, 2024:

> I was working at the reference desk when Mike approached me. I answered one question for him at the copy machine. After answering his question I returned to the reference desk. He approached the desk again and began talking to me. He began making comments that made me uncomfortable to the effect of "I wish I could tell you how I really feel about you, but I'm not allowed. Have you ever been in a situation where you want to tell someone that you really like them but can't? I won't tell you how I really feel, but I want to." I tried to redirect the conversation by asking him if there was anything else that I could help him with tonight to which he replied "I wish you wouldn't ask me that anymore." I told him that I am just doing my job and he left shortly thereafter.

*Id.* ¶ 53. Before these incidents, a library employee forwarded sexually explicit emails to Library Director Jon Mark Bolthouse that Young had sent to her Fond du Lac Public Library email. As a

4

result of these incidents, Young was warned that, if it happened again, he would "be done" at the library. *Id.* ¶ 55. When library staff observed Young commit further violations, Bolthouse determined a no-trespass would be appropriate.

On March 21, 2024, around 11:13 a.m., City of Fond du Lac Police Officer Melissa Sprangers was dispatched to the Fond du Lac Public Library for a trespassing complaint. Once Officer Sprangers arrived at the Fond du Lac Public Library, she met with Bolthouse, who informed her that Young had been viewing sexually explicit material on the computer. Bolthouse explained to Officer Sprangers that even though library staff had asked Young to stop viewing sexually explicit material on the computer, he continued to do it and exposed staff to the material. As a result, Bolthouse advised that the library wanted to issue a no-trespass to Young and terminate his library privileges. Bolthouse provided Officer Sprangers with a letter he drafted for Young regarding the library's no-trespass order to give to Young if she was able to contact him. The letter stated:

> Dear Mike,
>
> It has come to my attention that you have been viewing explicit photos on library computers. This is a violation of the library's internet usage policy.
>
> You were warned about engaging in this behavior before and were told that if it continued, you would lose your privilege to use the library's facilities.
>
> We will be issuing a one year no-trespass order, effective immediately. This extends to email messages, phone calls, and in-person interaction. You are to have no contact with library staff or the facilities.
>
> Yours sincerely,
>
> Jon Mark Bolthouse
> Library Director

*Id.* ¶ 9.

On March 21, 2024, at 11:38 a.m., Officer Sprangers arrived at Young's house. Officer Sprangers pulled on the front screen door's handle. The screen door did not open, so she knocked on the front screen door. After 20 seconds passed, Officer Sprangers pulled on the screen door handle again, but it did not open. Officer Sprangers knocked on the front screen door for a few seconds and received no response. Officer Sprangers did not break the front door or alter it in any way. Officer Sprangers then walked across the front yard and up the driveway to the back door of the house. Once she arrived at the back door, Officer Sprangers pushed the doorbell located on the back door and attempted to pull the handle of the back door, but the door did not open. She knocked on the back door and waited for a response. Officer Sprangers did not break the back door or alter it in any way.

After a few seconds, Young opened the door, stepped outside of the house, and shut the door. Officer Sprangers advised Young that the library had issued a no-trespass against him. She explained, "If you go back there you are going to end up getting arrested and then that's where we step in, and I don't want to do that to you." *Id.* ¶ 36. Officer Sprangers handed Young the no-trespass letter and a no-trespass warning/violation notice from the Fond du Lac Police Department. The police department's no-trespass warning/violation notice stated, "This notice was issued for the following violation(s), Section Nos. 943.13(1m)(a), 500-1.943.13(1m)(a), Trespass To Land (17+)-Trespass To Land - Do Not Return To FDL Library For 1 Year." *Id.* ¶ 39. In the additional instructions section, the notice advised, "Michael Young . . . is not to return to the Fond du Lac Public Library for a duration of 1 year ending on 03-21-25." *Id.* ¶ 40. After concluding her conversation with Young, Officer Sprangers walked down the driveway and then the sidewalk to her squad car, ending the interaction.

**LEGAL STANDARD**

Summary judgment is proper when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, the court must view the evidence and make all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citation omitted). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Where a video recording exists, and "[t]here are no allegations or indications that this videotape was doctored or altered in any way, nor any contention that what it depicts differs from what actually happened," a court must view "the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 378–81 (2007). Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp.*, 477 U.S. at 322).

**ANALYSIS**

Young was permitted to proceed on First Amendment claims against the City of Fond du Lac, Officer Jane Doe, and Police Chief Aaron Goldstein based on his allegations that the police barred him from the library based on complaints they knew to be false. Young was also permitted to proceed on a Fourth Amendment claim against Officer Jane Doe based on his allegations that she broke his door when she gave him the order barring him from the library. *See* Dkt. No. 4.

7

As an initial matter, Defendants argue that Officer Jane Doe should be dismissed as a defendant because Young never identified or named Officer Jane Doe. Because Young has not filed an amended complaint that provides the name of Officer Jane Doe, his claims against her could be dismissed on that basis. *See Est. of Payne by Meisel v. Dane Cty.*, No. 20-cv-512, 2022 WL 1078542, at *5 n.6 (W.D. Wis. 2022) ("Even if plaintiff were to attempt to seek leave now under Rule 15(a) to name specific individuals as defendants, such a motion would have to be denied at this stage of the lawsuit for undue delay, if not undue prejudice." (citing *Soltys v. Costello*, 520 F.33 737, 743 (7th Cir. 2008))). Defendants nevertheless proceeded based on the understanding that the "Officer Jane Doe" referenced in the complaint is Officer Sprangers, the officer who interacted with Young during the incident at issue. For the reasons explained below, Young has failed to create triable issues on the underlying constitutional violations, so Defendants are entitled to summary judgment.

## A. First Amendment

Young asserts that Officer Sprangers and the Fond du Lac Police Department banned him from the library based on complaints of his conduct that they knew to be false. Young's contention seems to be that he has a First Amendment right to use the library because the Constitution protects his right to receive information and ideas, and the library is where he can exercise that right. *See England v. Jackson Cty. Pub. Library*, 596 F. Supp. 3d 1164, 1173 (S.D. Ind. 2022) (citing *Stanley v. Georgia*, 394 U.S. 557 (1969) (observing that "[i]t is now well established that the Constitution protects the right to receive information and ideas")). However, "the right to receive information is not unfettered and may give way to significant countervailing interests." *Rihm v. Hancock Cty. Pub. Library*, 954 F. Supp. 2d 840, 855 (S.D. Ind. 2013) (citation omitted). "[A] library is a limited public forum and is thus 'obligated only to permit the public to exercise rights that are consistent

with the nature of the Library and consistent with the government's intent in designing the library as a public forum.'" *Id.* (quoting *Kreimer v. Bureau of Police for Town of Morristown*, 958 F.2d 1242, 1262 (3d Cir. 1992)); *see also England*, 596 F. Supp. 3d at 1174. Because the Fond du Lac Public Library is a limited public forum, the court must determine whether its speech restrictions are "reasonable and viewpoint neutral." *See Krasno v. Mnookin*, 148 F.4th 465, 484–85 (7th Cir. 2025) (citations omitted).

In this case, Library Director Bolthouse's decision to issue Young a one-year no-trespass warning was reasonable in light of Young's repeated and disruptive conduct and violation of library policy. Library staff witnessed Young view photographs that were sexually explicit in nature, and Young made employees uncomfortable by making inappropriate personal comments and sending sexually explicit emails to staff. Young had been warned that if his inappropriate behavior continued, he would "be done" at the library. Dkt. No. 47, ¶ 55. When library staff observed Young commit further violations, Bolthouse determined a no-trespass would be appropriate, consistent with the library's Internet Access and Appropriate Behavior and Expectations Policies.

Young's response brief does not meaningfully attempt to rebut any of Defendants' arguments. Young speculates that library staff who had his email and password "might have sent sexual messages in [his] name." Dkt. No. 51 at 2. Such speculation does not create a genuine issue of material fact. *See Argyropoulos v. City of Alton*, 539 F.3d 724, 737 (7th Cir. 2008) ("[Plaintiff's] argument rests on speculation that the City's employees lied to conceal their true motives. Such speculation will not withstand summary judgment." (citation omitted)). The no-trespass warning was based on the library's enforcement of its reasonable and neutral policies. No

reasonable jury could conclude that the library's no-trespass warning violated Young's First Amendment rights.

The City of Fond du Lac Police Department did not request the library ban, and Officer Sprangers did not independently decide to issue the no-trespass warning. Instead, Officer Sprangers merely communicated and effectuated the library's decision to issue the no-trespass warning to Young. In short, Officer Sprangers did not violate Young's First Amendment rights.

Finally, a municipality cannot be liable under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), "when there is no underlying constitutional violation by a municipal employee." *Sallenger v. City of Springfield, Illinois*, 630 F.3d 499, 504 (7th Cir. 2010). Because Officer Sprangers did not violate Young's First Amendment rights, Young's claim for municipal liability against the City of Fond du Lac and Chief Goldstein fails.

## B. Fourth Amendment

Young alleged in his complaint that Officer Sprangers violated his Fourth Amendment rights by breaking his door when she gave him the no-trespass warning. The Fourth Amendment provides "a remedy when a citizen's property is unreasonably damaged during a search." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation marks and citation omitted). The Fourth Amendment is not implicated in this case because Officer Sprangers did not conduct a search. In any event, Young's claim fails as a matter of law because there is no evidence that Officer Sprangers damaged Young's door. The uncontroverted video evidence from Officer Sprangers' bodycam shows that Officer Sprangers did not break Young's doors or alter them in any way. No reasonable jury could conclude that a Fourth Amendment violation occurred. Accordingly, Officer Sprangers is entitled to summary judgment on Young's Fourth Amendment claim.

## C. Qualified Immunity

Defendants argue, in the alternative, that Young's claims are barred by qualified immunity. Because the court is granting summary judgment on the merits, it need not consider Defendants' qualified immunity arguments.

## CONCLUSION

For these reasons, Defendants' motion for summary judgment (Dkt. No. 39) is **GRANTED**.   The case is dismissed.  The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 15th day of May, 2026.

_____
William C. Griesbach
United States District Judge

11